■ C. A. FRANK & COMPANY, INC., Respondent, v CORLAND CORPORATION, Appellant.—Order, Supreme Court, New York County, entered June 23, 1978, which denied defendant's motion for summary judgment is unanimously reversed, on the law, with costs, and the motion is granted. C. A. Frank, a real estate broker, had read that Corland (the defendant) was developing a hotel at the World Trade Center and was looking for an operator for the hotel. He approached one Ralph Guthrie, an officer of Corland, and agreed to bring him together with a possible operator. He advised that he would be acting as a broker "and that in the event that an agreement was reached with a customer" procured by him, he would expect a brokerage commission from Corland. Guthrie orally agreed. Later, it developed that Frank was also to get commissions for the operating and consulting aspects of the deal. There was no written agreement. Plaintiff eventually put Corland in touch with Travelodge and the parties began negotiation. After lengthy negotiations Travelodge submitted a proposal in response to the discussion had with Corland. In conference with Mr. Jacobi, the president, Frank advised that since an agreement had been made, he was now entitled to his commissions. Jacobi advised that an agreement had not been reached. There was no evidence that Travelodge's proposal was intended to set forth all aspects of the agreement, the acceptance of which would constitute a meeting of the minds. Further, the proposal left open the arrangement for deficit funding. Without agreement on that, the proposal could not ripen into a complete agreement. Corland had also been in contact with Sheraton Hotels who were willing to make 2.4 million dollars available, with Hilton International who would have considered an investment, and with Hyatt who would make no investment. Corland insisted that Travelodge condition its fees on there being a surplus after debt service, and debt service could only be based upon the amount of financing which Corland never obtained. The officer of Travelodge who was most involved in the negotiations is positive that there was no agreement. Jere Hooper, vice-president in charge of franchise operations for Travelodge, says in his affidavit that until Corland secured financing "there could be no conclusion of negotiations concerning our operating the proposed hotel". He understood that "there were material terms still to be agreed to before Travelodge and Corland would be in a position to finalize an agreement concerning Travelodge's operating the World Trade Center Hotel." Further, the consultant and engineering firm retained by Corland, through its proprietor, George Browne, points out three critical aspects of the deal which were incomplete. A failure to conclude lease negotiations with the Port Authority; the inability to secure a mortgage commitment; and failure to conclude negotiations with "either Travelodge or any other operator." Hence, it becomes obvious that there was no agreement which would entitle Frank to commissions. Although Special Term found factual issues to be in dispute, a search of the record fails to reveal them. There is no agreement, hence no obligation, hence no factual issues. Further, since we find no obligation,

there can be no case. Defendant is entitled to summary dismissal. Concur—Evans, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.